IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN D. JACKSON,

    Plaintiff,                    No. 2:06 CV 02157 RRB KJM PS

    vs.

UNITED STATES DEPARTMENT
OF LABOR, et al.,                  FINDINGS AND RECOMMENDATIONS

    Defendants.
_____/

        Defendants' motions to dismiss and for summary judgment came on regularly for hearing January 23, 2008. John D. Jackson appeared in propria persona. Yoshinori H.T. Himel appeared for the defendants. Upon hearing the arguments of plaintiff and counsel, upon reviewing the documents in support and opposition, and supplemental material submitted by plaintiff at the hearing and the reply thereto, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        Plaintiff filed this action relating to the reduction of his Federal Employees Compensation Act (FECA) benefits. Defendants move to dismiss for lack of subject matter jurisdiction and for failure to state a claim. For any claims not dismissed, defendants seek summary judgment, contending there are no material issues of fact and they are entitled to judgment as a matter of law.

1

Plaintiff John D. Jackson was employed by the National Guard as the Heavy Mobile Equipment Mechanic Supervisor at the Stockton Combined Support Maintenance Shop. In more common terms, he was the "superintendent of the shop." Tr. of Hr'g Held July 17, 2001 (Defs.' Ex. E-12 at 9-10). Plaintiff's position was "dual-status," meaning that while he was employed in a civilian capacity, he was required to maintain concurrent military service.

In April 1999, plaintiff injured his back during physical training. He filed a disability claim with the Department of Labor, Office of Worker's Compensation Programs (OWCP), which was accepted. In May 1999, plaintiff stopped working, citing his back injury. As a disabled federal employee, plaintiff was entitled to and received FECA benefits based on the value of his pre-disability salary. ECAB Decision and Order issued Apr. 8, 2004 (Defs.' Ex. B-9 at 1-2).

In February 2000, the California National Guard offered to restore plaintiff to his position, with modifications to his duties to account for his physical limitations. Position Amendment dated Feb. 15, 2000 (Defs.' Ex. B-2). The Guard also informed him that should he refuse the job offer, and should OWCP find he was capable of performing the job, his FECA benefits could be terminated. Letter dated Feb. 14, 2000, Stuard to Jackson (Defs.' Ex. E-2 at 1-2). Plaintiff disputed that he was able to perform the job even as modified. A statement was added to his case file indicating that the California National Guard had offered him a position that was within his medical restrictions, a conclusion plaintiff strongly contests. See OWCP Statement of Accepted Facts (Defs.' Ex. B-4 at 1). Plaintiff's benefits were not reduced at this time for refusing this job offer. Shortly after, in May 2000, a medical review board found him physically unfit for service, and he was honorably discharged from military service. Mem. dated May 1, 2000, Guerin to Jackson (Defs.' Ex. E-10 at 1). As a result, plaintiff's dual-status position was terminated. Mem. dated Aug. 24, 2000, Stuard to Jackson (Defs.' Ex. E-11 at 1).

Almost two years later, in February 2002, OWCP notified plaintiff of its intent to reduce his disability benefits. This reduction was proposed because OWCP had determined that

plaintiff was only partially disabled and could perform the job of a budget officer, a sedentary and entry-level position paying significantly less than his former position. Had plaintiff found work as a budget officer, OWCP would have continued to provide him benefits based on the differential between the lower salary received and his former salary with the National Guard. Because plaintiff did not accept or find such employment, his benefits were reduced on July 2, 2002 relative to the constructive salary he would have received had he been employed as a budget officer. Compensation Reduction Decision dated July 2, 2002 (Defs.' Ex. B-6 at 1).

Plaintiff proceeds in this matter pro se. Liberally construed, the complaint can be read to raise claims for constitutional torts in violation of due process, equal protection, and freedom of speech; discrimination by age or handicap in violation of the Rehabilitation Act and the ADEA; violations of the Privacy Act; and violations of the Freedom of Information Act (FOIA). He names as defendants the Department of Labor, and Elaine Chao as the Secretary of Labor ("labor defendants"); the Department of the Army, including the National Guard Bureau, and Pete Geren as the Secretary of the Army; and Majors General Paul Monroe and William Wade II, along with Colonel William Weir in their official capacities with the California Military Department ("military defendants").

I. Constitutional Torts

The complaint can be construed to allege constitutional torts against plaintiff's due process, equal protection, and first amendment rights. At the hearing on this matter, plaintiff conceded that he was not pursuing such claims. Because plaintiff is not asserting constitutional tort claims, defendants' motion to dismiss on these claims is moot.

II. ADEA and Rehabilitation Act Claims

Plaintiff alleges that he was discriminated against because of his age (51 at the time) and disability (his back condition). From the exhibits provided by the defense, in particular plaintiff's deposition testimony, it appears that plaintiff claims the National Guard failed to accommodate his injury by reclassifying his job to no longer require military status, a

reclassification that is prohibited by current federal law.  See National Defense Authorization Act for Fiscal Year 1996 § 513, Pub. L. No. 104-106, 110 Stat. 186.  Plaintiff also claims defendants failed to accommodate him by refusing to provide for his retraining as a school psychologist in a four-year program from the University of the Pacific.  Tr. Of Hr'g Held July 17, 2001, Ex. E-12.

Defendants attack the ADEA and Rehabilitation claims in three ways.  First, they correctly contend Majors General Monroe and Wade and Colonel Weir are not proper defendants because they are not heads of agencies.  Second, the defendants contend the respective statutes of limitations have run.  Finally, defendants contend the plaintiff's claims are precluded by a valid settlement agreement; if plaintiff is alleging a violation of the settlement agreement then, by its terms, his remedy is with the Equal Employment Office.

As a threshold matter, the claims against Monroe, Wade, and Weir must be dismissed because they are not the heads of their agencies and are thus improper defendants. Romain v. Shear, 799 F.2d 1416, 1418 (9th Cir. 1986) (ADEA); Johnston v. Horne, 875 F.2d 1415, 1418-19 (9th Cir. 1989) (Rehabilitation Act), overruled on other grounds, Irwin v. Dep't of Veterans Affairs, 498 U.S. 89 (1990).  Furthermore, the ADEA and Rehabilitation Act claims against the remaining military defendants must be dismissed because plaintiff executed a valid settlement agreement with the California National Guard in exchange for a lump sum of $15,000 and $55,000 in attorney's fees.  There is nothing in the complaint to suggest any defect in that agreement.  By its terms, "Jackson hereby withdraws his EEO complaint and . . . agrees not to file any other EEO claims related to his civilian employment with the Guard up to his separation on September 29, 2000." Settlement Agreement Dated Mar. 19, 2003 (Defs.' Ex. E-15).  Because plaintiff's discrimination claims against the military defendants all are based on injuries alleged during his employment, his claims against the remaining military defendants, the Department of the Army and Secretary Geren, are precluded.  Cf. Botefur v. City of Eagle Point, 7 F.3d 152, 157-58 (9th Cir. 1993) (§1983 claim precluded by release agreement).

/////

1    The discrimination claims also are barred by the applicable statutes of limitations.
2 See Baker v. Bd. of Regents, 991 F.2d 628, 631-632 (10th Cir. 1993) (Rehabilitation Act claims
3 fall under state personal injury statutes of limitations); Cal. Civil Code Proc. § 335.1 (two year
4 period for personal injury claims); Lubniewski v. Lehman, 891 F.2d 216, 221 (9th Cir. 1989)
5 (applying 28 U.S.C. § 2401(a) six-year catch-all statute of limitations to ADEA claims).  Plaintiff
6 was terminated from his position on September 29, 2000 and did not file his complaint until
7 September 29, 2006.  Thus, the statute has long since run on the Rehabilitation Act claims.
8 However, plaintiff's claims would be within the statutory period for any ADEA injuries suffered
9 on or after September 29, 2000.  It is unclear on the face of the amended complaint whether
10 plaintiff is asserting an ADEA claim arising out of conduct occurring within the statute of
11 limitations.  However, as explained below, dismissal should be granted for the remaining
12 defendants on any such claim.
13    Plaintiff's interactions with the Department of Labor, through the OWCP,
14 extended well into the statutory period, and ADEA claims arising from those interactions have
15 not expired.  It appears that the crux of plaintiff's complaint against the Labor defendants is that
16 the OWCP reduced his benefits based on information in the Statement of Accepted Facts
17 (SOAF), which he alleges was incorrect, and specifically a notation that "Recently, however, the
18 [California National Guard] was able to offer [plaintiff] his job back with several modification
19 [sic] to the hours and duties *that are within his medical restrictions*."  See, e.g., Decl. Of
20 Raymond E. Mitten, Jr. (Defs.' Ex. A-1) (emphasis added).  However, it is undisputed that
21 plaintiff's OWCP benefits were reduced because of his failure to take a budget officer position in
22 2002, not the re-employment offer by the National Guard in 2000 referred to in the SOAF.
23 Compensation Reduction Decision Dated July 2, 2002 (Defs.' Ex. B-6).  Plaintiff offers no
24 contravening evidence.   Thus, even if leave to amend were granted, such amendment would be
25 futile.
26 /////

Plaintiff further asserts a conspiracy to reduce his benefits and suggests retaliatory actions were taken against him because of his efforts to amend the SOAF and to notify officials of fraud and waste. Am. Compl. at 5:12-15. Plaintiff offers no more than conclusory allegations, which are insufficient to state a claim upon which relief can be granted. "A plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1964-1965 (2007). Plaintiff's ADEA and Rehabilitation Act claims against the remaining defendants, therefore, should be dismissed for failure to state a claim, and leave to amend should not be granted as further amendment would be futile.

### III. Whistleblower Claim

Plaintiff's allegations of retaliatory firing may be read as a claim under the Whistleblower Protection Act. 5 U.S.C. § 2302. However, that Act requires that administrative remedies be exhausted prior to filing suit. 5 U.S.C. § 2302(b)(8). Plaintiff offers no proof that he has pursued any administrative process. Accordingly, the claim should be dismissed.

### IV. Privacy Act Claim

The majority of plaintiff's amended complaint is devoted to his contention that the Privacy Act was violated by the OWCP in failing to amend the SOAF discussed above. He points to the Act's requirement that agencies

> maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination.

5 U.S.C. § 552a(e)(5). The Act further allows for a civil suit in a federal district court if an agency "makes a determination . . . not to amend an individual's record in accordance with his request, or fails to make such review in conformity with [the Act]." 5 U.S.C. § 552a(g)(1)(A).

Defendants correctly argue that this court lacks subject matter jurisdiction to review OWCP's benefits determinations. The Privacy Act provides a mechanism by which an

6

individual may gain access to and seek amendment of agency records.  The Act was not intended to allow plaintiffs to re-litigate otherwise final administrative determinations.  OWCP determinations of FECA benefits are one such example.  FECA contains a strongly-worded door-closing provision: benefit determinations by OWCP are "final and conclusive for all purposes . . . and not subject to review by . . . a Court by mandamus or otherwise." 5 U.S.C. § 8128(b).  As one court put it, the Privacy Act "may not be employed as a skeleton key for reopening consideration of unfavorable federal agency decisions." Rogers v. United States Dep't of Labor, 607 F.Supp. 697, 699 (N.D. Cal. 1985).  Plaintiff's Privacy Act claim is an improper collateral attack and must be dismissed for lack of subject matter jurisdiction.[1]

### V. Freedom of Information Act Claim

Finally, plaintiff raises a Freedom of Information Act (FOIA) challenge.  Prior to this action, plaintiff requested internet access to his OWCP case file and copies of any meeting notes for February 1st, 2000.  A representative of OWCP provided him with both a paper copy of his file and a copy on CD-ROM, but stated that internet access was not available to the public, nor were there any plans to make it so.  He also informed plaintiff that no notes from that meeting appeared to exist.  See Decl. Of Andrew Tharp (Defs.' Ex. C ¶ 4 (describing search for notes)).  Plaintiff seeks production of the meeting notes and internet access to his case file.

/////
/////
/////
/////

---

[1] While the federal courts are not precluded by FECA from hearing genuine constitutional claims, the plaintiff has failed to establish any.  Although he invokes due process, equal protection, and free speech, his complaint has not established a deprivation of any of those rights.  See Rodrigues v. Donovan, 769 F.2d 1344, 1347-48 (9th Cir. 1986) ("Congress's intent was that the courts not be burdened by a flood of small claims challenging the merits of compensation decisions . . . .  We do not read the statute to take the extraordinary step of foreclosing jurisdiction over constitutional claims. . . . a mere allegation of a constitutional violation would not be sufficient to avoid the effect of a statutory finality provision.") (citations omitted).

1    Defendants argue that plaintiff is entitled to neither.  The FOIA provision cited by
2 plaintiff requires an agency to "provide the [requested] record in any form of format requested by
3 the person if the record is readily reproducible by the agency in that form or format."  5 U.S.C.
4 § 552(a)(3)(B).  Because OWCP has not developed a system to provide public online access, the
5 records requested are not readily reproducible in that format.
6    The request for meeting notes, the defense asserts, has been properly handled.
7 The FOIA requires a reasonable search in good faith.  Defendants have provided a declaration of
8 the OWCP official who handled the FOIA request.  His search for the records consisted of
9 polling the attendees of the meeting and asking whether they retained any notes, with the
10 exception of one attendee who had since retired.[2]  "As this was an informal, internal meeting to
11 discuss case processing, there was no requirement for written notes or a conference
12 memorandum."  Decl. Of Andrew Tharp (Defs.' Ex. C ¶ 4).  With both of plaintiff's requests, the
13 OWCP has met the requirements of the Act.  The agency  produced plaintiff's case file in both
14 paper and electronic formats.  It conducted a reasonable search for documents responsive to
15 plaintiff's request.  It only refused to create an entirely new system of public access to internal
16 documents.  TPS, Inc. v. United States Dep't of Defense, 330 F.3d 1191, 1193 (9th Cir. 2003)
17 (the FOIA does not require "a significant expenditure of resources, [beyond] a business as usual
18 approach").  The defendants are entitled to summary judgment on the FOIA claims.
19    Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion for
20 summary judgment be granted as to the Freedom of Information Act claims and that the
21 defendants' motions to dismiss the remaining claims be granted.
22 /////

---

[2] The OWCP is not required to pursue any records that may exist and be in possession of a retired employee.  United States Dep't of Justice v. Tax Analysts, 492 U.S. 136, 145 (1989) ("the agency must be in control of the requested materials at the time the FOIA request is made."); Blanton v. United States Dep't of Justice, 182 F. Supp 2d 81, 85 (D.D.C. 2002) ("the FOIA does not impose an obligation on defendant to contact former employees to determine whether they know of the whereabouts of records that might be responsive to a FOIA request.").

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 22, 2008.

_____
U.S. MAGISTRATE JUDGE

jackson.57